UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:13-cr-00058-JAW |
| | ) | |
| PATRICK M. CURLEY | ) | |

**ORDER ON MOTION TO DISMISS**

Charged with extortion, the Defendant moves to dismiss the indictment on the ground that it fails to allege the elements of extortion. The Court denies the motion because the indictment provides a sufficient statement of the essential facts constituting the charged offense.

**I. STATEMENT OF FACTS**

**A. Procedural Background**

On March 21, 2013, a federal grand jury indicted Patrick M. Curley, alleging that Mr. Curley committed the crime of extortion by transmitting, in interstate commerce, communications containing threats to injure the reputation of the addressee or another with the intent to extort money from a corporation. *Indictment* (ECF No. 2).

On September 10, 2013, Mr. Curley moved to dismiss the indictment on the ground that it fails to allege the elements of extortion under 18 U.S.C. § 875(d). *Def.'s Rule 12(b)(3)(B) Mot. to Dismiss* (*Def.'s Mot.*) (ECF No. 24). The Government responded on October 15, 2013. *Gov't's Mem. in Opp'n to Def.'s Mot. to Dismiss* (*Gov't's Opp'n.*) (ECF No. 27). Mr. Curley replied on November 5, 2013. *Def.'s Reply to Gov't's Opp'n to Def.'s Mot. to Dismiss* (*Def.'s Reply*) (ECF No. 30). At Mr.

Curley's request, the Court held oral argument on January 15, 2014. *Minute Entry* (ECF No. 33).

### B. The Indictment

The indictment states:

### COUNT ONE
### Extortion

From on or about April 27, 2010, to on or about August 3, 2010, in the District of Maine and elsewhere, defendant

### PATRICK M. CURLEY

transmitted, in interstate commerce, communications containing threats to injure the reputation of the addressee or another. Specifically, he transmitted e-mails and telephone calls, and mailed or caused to be mailed letters through the United States Postal Service, to P.T. and other employees and agents of Vescom. Those communications accused P.T. of illegal sexual harassment and discrimination against him. His intention when he transmitted these communications was to extort money from Vescom.

All in violation of 18, United States Code, Section 875(d).

*Indictment*.

## II. THE PARTIES' POSITIONS

### A. Patrick Curley's Motion

In his motion, Mr. Curley claims that the indictment fails to allege the elements of extortion under 18 U.S.C. § 875(d). *Def.'s Mot.* at 2. In particular, Mr. Curley argues that the indictment fails to allege "wrongfulness"—that the alleged communications transmitted with intent to extort money were "wrongful" as a

2

matter of law.¹ *Id.* at 2, 10-12. Mr. Curley also maintains that the indictment fails to allege that he actually threatened any action that was potentially harmful to an individual's reputation and fails to allege that he specifically demanded anything of value from the individuals with whom he communicated. *Id.* at 2. Mr. Curley thus contends that the actions alleged in the indictment lack the specificity necessary to meet the statutory definition of extortion, which he argues compels dismissal of the indictment. *Id.* at 2-12. Finally, Mr. Curley characterizes the threat in the indictment as "a threat to file a lawsuit for alleged civil rights violations." *Id.* at 7. Citing "[v]arious federal courts," he asserts that holding a threat of filing a lawsuit to be actionable under § 875(d) would render the statute unconstitutionally broad. *Id.* at 7-10.

### B. The Government's Response²

---

¹ The First Circuit has not explicitly addressed whether "wrongfulness" is a required component of an extortion claim under 18 U.S.C. § 875(d). Mr. Curley argues that "the First [Circuit] should adopt the well-reasoned opinion [of the Second Circuit], holding that section 875(d) does not criminalize threats that are not wrongful." *Def.'s Mot* at 6 (citing *United States v. Jackson*, 180 F.3d 55 (2d Cir. 1999)). Following *Jackson*, one circuit has adopted its reasoning. *United States v. Coss*, 677 F.3d 278, 283-87 (6th Cir. 2012). Furthermore, Judge Hornby has included the wrongfulness concept in the definition of extortion under § 875(b), a definition that likely applies to § 875(d). *See Judge D. Brock Hornby's 2013 Revisions to Pattern Crim. Jury Instructions for the District Courts of the First Circuit* § 4.18.875 (updated Jun. 26, 2013).

The Government appears to assume, for the purposes of this motion, that the First Circuit would impose a wrongfulness requirement if it were to address the issue. *See Gov't's Opp'n* at 5-8. Similarly, for the purposes of this motion, the Court assumes that § 875(d) does not criminalize threats that are not wrongful. *Jackson*, 180 F.3d at 65-72.

² The Government includes a factual background section, summarizing what it "expects the evidence to show." *Gov't's Opp'n* at 1-2. However, Mr. Curley's motion is based on Federal Rule of Criminal Procedure 12(b)(3)(B), which—according to the text of the rule itself—is a "motion alleging a defect in the indictment." In determining whether the indictment contains the essential elements of a § 875(d) extortion claim, the Court must focus on the indictment itself, not what the Government maintains it could prove if the case were to go to trial. *See United States v. Ngige*, 2:12-cr-00098-JAW, 2013 U.S. Dist. LEXIS 33857, *3 (D. Me. Mar. 12, 2013) ("Ms. Ngige's motion is not a proper Rule 12(b)(2) motion, because the Court cannot credit her view of the evidence . . . 'without a trial of

3

In response, the Government argues that the indictment supplies the necessary elements of a § 875(d) claim. *Gov't's Opp'n* at 7-13. According to the Government, the indictment does not have to specifically allege how the threats were "wrongful," because "by accusing Defendant of making threats with the intent to 'extort,' the Indictment subsumes the concept of wrongfulness." *Id.* at 7-8. Next, the Government maintains that the threat of litigation may form the basis for a constitutionally permissible extortion claim, citing First Circuit caselaw, when the threatened lawsuit is baseless. *Id.* at 10-13. The Government also asserts that the indictment could still stand "even if threats to sue could never be extortionate," because the "Defendant's threats were not limited to lawsuits." *Id.* at 9. Finally, the Government insists that whether the Defendant's threat to sue is wrongful under federal law is a factual issue for the jury to determine. *Id.* at 12-13. The Government thus maintains that the indictment is sufficient and that Mr. Curley's motion should be denied. *Id.* at 1-13.

### C. Patrick Curley's Reply[3]

In reply, Mr. Curley disputes the Government's characterization of the First Circuit's position on whether the threat of litigation may be extortion under federal law, arguing that First Circuit guidance and persuasive authority suggests that threats of litigation can never constitute extortion. *Def.'s Reply* at 3-4. Mr. Curley

---

the general issue'"). Accordingly, in ruling on this motion, the Court does not consider the Government's version of the underlying facts.

[3] In response to the Government's recitation of evidence, *see supra* note 2, Mr. Curley addressed those facts and raised additional facts in his reply. *See Def.'s Reply* at 1 n.1. For the same reason the Court does not consider the Government's version of the facts in ruling on Mr. Curley's motion to dismiss, it does not consider Mr. Curley's version of the facts either. *See supra* note 2.

also asserts that "[a]t the very least, the First Circuit's decisions" make clear that "proof of a wrongful basis—*i.e.*, the person making the claim has no colorable legal claim of entitlement to damages—is required," and the Government's failure to specifically allege that Mr. Curley had no colorable legal claim is therefore fatal to the indictment. *Id*. at 4-5. On this basis, Mr. Curley claims that the only factual assertion remaining is that he "indirectly threatened to take his claims . . . to the media," and that the indictment cannot stand based upon this single "indirect threat." *Id.* at 7 (quoting *Gov't's Opp'n* at 9).

Finally, Mr. Curley claims that an indictment is not sufficient if it only sets forth the elements of the offense based on the words of the applicable statute, "unless those words of themselves fully, directly, and expressly without any uncertainty or ambiguity set forth all the elements necessary to constitute the offense intended to be punished." *Id.* at 6-7 (quoting *United States v. Whiting*, 771 F. Supp. 476, 478 (D. Mass. 1991)). He argues that the dispute over "the very definition of extortion" and about the wrongfulness element demonstrate that § 875(d) "is an ambiguous statute," *id.* at 6, and therefore that the indictment is insufficient for not "alleging all the facts necessary to bring the case within [the] intent [of the legislature]." *Id.* at 6-7 (quoting *Whiting*, 771 F. Supp. at 478).

### III. DISCUSSION

#### A. Sufficiency of the Indictment

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). An

5

indictment is sufficient if two requirements are met: "first, [that it] contains the elements of the offenses charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *accord United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011); *United States v. Stewart*, 841 F. Supp. 2d 431, 434 (D. Me. 2012). The First Circuit has stated that "[a]n indictment that tracks the language of the underlying statute generally suffices to meet this standard; provided, however, that the excerpted statutory language sets out all of the elements of the offense without material uncertainty." *United States v. Troy*, 618 F.3d 27, 34 (1st Cir. 2010) (quoting *United States v. Serino*, 835 F.2d 924, 929 (1st Cir. 1987) (quoting *Hamling*, 418 U.S. at 117)).

> The charged statute reads in pertinent part:
>
> Whoever, with intent to extort from any person, firm, or corporation, any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to injure the property or reputation of the addressee or of another . . . shall be fined under this title or imprisoned not more than two years, or both.

18 U.S.C. § 875(d). Here, the indictment tracks, in "the words of the statute itself," all elements of the charge against Mr. Curley. *Id.*; *cf. Judge D. Brock Hornby's 2013 Revisions to Pattern Crim. Jury Instructions for the District Courts of the First Circuit* § 4.18.875 (updated Jun. 26, 2013) (*Hornby Instructions*).[4] The indictment

---

[4] Revised to apply to this case, Judge Hornby's Pattern Jury Instructions for § 875(c) reads:

6

alleges that Mr. Curley "transmitted, in interstate commerce, communications containing threats to injure the reputation of the addressee or other." *Indictment.* It specifies the mode of those transmissions (emails, telephone calls, and mailed letters), states the accusation made in the communications (illegal sexual harassment and discrimination by a senior vice president of Vescom), and that "his intention when he transmitted these communications was to extort money from Vescom." *Id.*

---

> Defendant is accused of transmitting a threat in interstate or foreign commerce. It is against federal law to transmit any communication in interstate or foreign commerce that contains any threat to injure a person.
>
> For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of these things beyond a reasonable doubt:
>
> > First, that the communication was sent in interstate commerce;
> >
> > Second, that the defendant intended to transmit the communication; and
> >
> > Third, that the communication contained a true threat to injure someone.
>
> In determining whether a communication is a true threat you must use an objective standard. A true threat is one that a reasonable recipient, familiar with the context of the communication, would find threatening and that defendant reasonably should have foreseen would be taken as a threat. The government does not have to prove that defendant subjectively intended the recipient to understand the communication as a threat. In determining whether a communication is a true threat, you should consider the factual context. This may include the tone of the communication, the manner in which it was made, and the effect on readers. It is not necessary that the statement be made face to face. It is also not necessary to prove that defendant actually intended to carry out the threat.

*Hornby Instructions* § 4.18.875. Judge Hornby further notes that "if the defendant is charged pursuant to 18 U.S.C. § 875(b), the government must prove an additional element: "that the threat was transmitted with the specific intent to extort money or a thing of value." *Id.* cmt. 2. He then says: "To act with intent to 'extort' means to act with the intent to obtain something of value from someone else, with that person's consent, but induced by the wrongful use of actual or threatened force, violence or fear." *Id.*; *see supra* note 1 (noting that Judge Hornby's definition of "extort" under § 875(b) likely applies to § 875(d)).

Mr. Curley, however, suggests in essence that the general principle conveyed in *United States v. Troy*—that the indictment's recitation of the elements need only mirror the statutory language—must give way to a requirement of greater specificity here. *Def.'s Reply* at 6-7 (citing *Whiting*, 771 F. Supp. at 478). Mr. Curley argues that § 875(d) contains "uncertainty or ambiguity," because the statute does not set forth a definition of extortion and its definition is disputed in this case. *Def.'s Reply* at 6. Relying upon this characterization of § 875(d), he asserts that "[a]t the very least, the First Circuit's decisions" instruct that "proof of a wrongful basis—*i.e.*, the person making the claim has no colorable legal claim of entitlement to damages—is required," and that the Government's failure to specifically allege that Mr. Curley had no colorable legal claim is fatal to the indictment. *Id.* at 4-5.

The Court disagrees. First, Mr. Curley seeks to impose mandatory charging language from out of circuit judicial interpretations of the statutory language. *Def.'s Mot.* at 6, 10-12. Section 875(d) uses only the term "extort," a term found in the indictment. What Mr. Curley is really arguing is that to be effective, an indictment in the First Circuit must state, as an element, the law as judicially pronounced in the Second Circuit. Even assuming—as the Court does—that the First Circuit would concur with the Second Circuit, it stretches the point to conclude that a grand jury must expressly include the Second Circuit's judicial interpretations of criminal statutes in First Circuit indictments on pain of dismissal.

8

Next, the Second Circuit arrived at its conclusion in *United States v. Jackson* by interpreting the contextual meaning of "extort" in § 875(d) to include the concept of wrongfulness. 180 F.3d 55, 65-72 (2d Cir. 1999). This judicial conclusion extracts a more nuanced meaning from the statutory term "extort" and, by referencing the statutory term, the indictment incorporates the judicial gloss. The First Circuit has rejected the argument that an indictment should be found defective for not explicitly referencing judicial interpretations of the statutory elements:

> [A]lthough those catch phrases inform an interpretation of the statute, they are not part of the language of the statute; they are simply a judicial gloss on the statutory text. A judicial gloss, though helpful in interpreting a criminal statute, need not be included verbatim in the charging document.

*Troy*, 618 F.3d at 35; *United States v. Renteria*, 187 Fed. App'x 704, 706 (9th Cir. 2006) ("An indictment that follows the statutory language, and otherwise puts the accused on fair notice of all the implied elements of the charge, is not also required to incorporate judicial decisions that have interpreted that language"). The persuasive force in the Second Circuit's *Jackson* opinion may well entitle Mr. Curley to a jury instruction, as Judge Hornby contemplates for § 875(b), that "[t]o act with intent to 'extort' means to act with the intent to obtain something of value from someone else, with that person's consent, but induced by the wrongful use of actual or threatened force, violence or fear." *Hornby Instructions* § 4.18.875. But the lack of an express mention of "wrongfulness" in the indictment—again, assuming that wrongfulness is a necessary predicate to an § 875(d) conviction—does not entitle Mr. Curley to have the indictment dismissed, because the use of statutory language in

9

the charging document subsumes authoritative judicial interpretations of the statutory terms. *See Troy*, 618 F.3d at 34-35; *Renteria*, 187 Fed. App'x at 706.

Based upon this guidance from *United States v. Troy*, the Court concludes that the indictment "fully complied with [Federal Rule of Criminal Procedure 7(c)(1)] and did not deprive him of any significant protection that the constitutional guarantee of a grand jury was intended to confer." *Resendiz-Ponce*, 549 U.S. at 111; *Guerrier*, 669 F.3d at 3. The language of the indictment, setting out that Mr. Curley sent certain threats with the intention to "extort money," gives fair notice of the charge to the Defendant and minimizes the risk of a second prosecution for the same conduct.[5] *See Resendiz-Ponce*, 549 U.S. at 111. The indictment contains detailed information about the threats: (1) that the Defendant made threats on or about a specific date range—April 27, 2010 to August 3, 2010; (2) that the Defendant transmitted the threats to employees and agents of Vescom; (3) that the Defendant transmitted e-mails and telephone calls and mailed or caused to be mailed letters through the U.S. Postal Service; (4) that the Defendant directed the threats against a particular person (identified as P.T.); (5) that the Defendant accused P.T. of illegal sexual harassment and discrimination against him; and (6) that his intention in making these threats was to extort money from Vescom. *Indictment* at 1. These cumulative specific allegations ensure that the indictment has not only placed Mr. Curley on notice of the charge but also that he could successfully plead double jeopardy in a future prosecution for the same offense.

---

[5] Mr. Curley does not raise the double jeopardy issue in his motion; the Court addresses it briefly here.

*Resendiz-Ponce*, 549 U.S. at 111; *Guerrier*, 669 F.3d at 3. Accordingly, the Court concludes that the indictment provides a sufficient "written statement of the essential facts constituting the offense charged." *Resendiz-Ponce*, 549 U.S. at 110 (quoting FED. R. CRIM. P. 7(c)(1)).

### B. Sufficiency of the Evidence

For the purposes of a motion to dismiss, the allegations of the indictment must be taken as true. *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952); *Stewart*, 841 F. Supp. 2d at 435. "Consistent with that rule, courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." *Guerrier*, 669 F.3d at 4 (collecting cases). "Dismissing an indictment is an extraordinary step, because, by returning an indictment, a grand jury is carrying out a constitutionally sanctioned function." *Stewart*, 841 F. Supp. 2d at 434 (internal citations and punctuation omitted). Since a district court's decision to dismiss an indictment "'directly encroaches upon the fundamental role of the grand jury . . . . [t]his power 'is appropriately reserved, therefore, for extremely limited circumstances.'" *Id.* at 434-35 (quoting *Whitehouse v. Unites States District Court*, 53 F.3d 1349, 1360 (1st Cir. 1995)).

The Court cannot reach the legal question of whether a threat of litigation can be extortionate, under § 875(d), on this motion to dismiss, because this potential avenue for dismissing the indictment turns on a sufficiency of the evidence question. Arguing that threats of litigation cannot constitute extortion, Mr. Curley proceeds to submit that once this ground for extortion is eliminated, the only

11

possible threat of extortion remaining is an indirect threat to take his claims to the media. *Def.'s Reply* at 7. Mr. Curley insists the indictment cannot stand on this threat, because "[t]he charges against Mr. Curley cannot be permitted to stand upon a single email that the Government characterizes as an 'indirect threat.'" *Id.* However, the indictment alleges neither "threats of litigation" nor "threats to go public"; it makes the more general assertion of "threats to injure the reputation of the addressee or another," an allegation which must be accepted as true. *Boyce*, 342 U.S. at 343 n.16. The Court looks only to these general facts in the indictment, because the motion is based upon Federal Rule of Criminal Procedure 12(b)(3)(B)— a motion "alleging a defect in the indictment." *See supra* notes 2-3.

Determining whether those alleged threats include "threats of litigation" or any other specific type of threat involves a characterization of facts that are not raised in the indictment. Furthermore, Mr. Curley's characterization of the threat to go public as insufficient to support an extortion claim falls squarely within the principle that "a motion to dismiss is an inappropriate way 'to test the sufficiency of the evidence behind the indictment's allegations.'" *Stewart*, 841 F. Supp. 2d at 435 (quoting *Guerrier*, 669 F.3d at 4). To dismiss an indictment based upon Mr. Curley's characterization of the threats would directly encroach upon the grand jury's constitutionally assigned responsibility to return indictments, and only properly supported indictments. *Id.* at 434-35. "A technically sufficient indictment handed down by a duly empaneled grand jury is enough to call for trial of the charge on the merits." *Id*. at 436 (quoting *Guerrier*, 669 F.3d at 4).

Mr. Curley is free to argue that threats of litigation do not constitute extortion, but that legal question cannot be reached by the Court on this 12(b)(3)(B) motion to dismiss. He is free to argue that the evidence does not support a conviction for extortion under § 875(d), but that is a sufficiency of the evidence question that also cannot be resolved by the Court on this motion. *Stewart*, 841 F. Supp. 2d at 435. On Mr. Curley's motion to dismiss, the Court concludes that the indictment is sufficient and must not be dismissed.

## IV. CONCLUSION

The Court DENIES the Defendant's Motion to Dismiss (ECF No. 24).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 16th day of January, 2014