UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:13-cr-00058-JAW |
| | ) | |
| PATRICK M. CURLEY | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISQUALIFY OR RECUSE UNDER 28 U.S.C. § 455**

On March 21, 2013, a federal grand jury indicted Patrick M. Curley for extortion, an alleged violation of 18 U.S.C. § 875(d). *Indictment* (ECF No. 2). On April 7, 2014, Mr. Curley pleaded guilty to the crime charged in the indictment. *Minute Entry* (ECF No. 72). On January 20, 2015, I sentenced Mr. Curley to twenty-four months of incarceration, one year of supervised release, and a $100.00 special assessment. *J.* (ECF No. 91). I did not impose a fine or restitution obligation. *Id.* On November 15, 2016, Mr. Curley filed a petition under 28 U.S.C. § 2255 contending that his conviction should be vacated, set aside, or corrected. *Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sent. by a Person in Fed. Custody* (ECF No. 119). With the petition, Mr. Curley filed a motion for me to recuse myself from ruling on his § 2255 petition. *Mot. to Recuse [and] Disqualify U.S. Dist. Judge, John A. Woodcock, Under 28 U.S.C. § 455 - - - in Consideration of My Habeas Corpus Pet. Under 28 U.S.C. § 2255 - - - Due to His 'Impartiality' to Have My '2255' Pet. Reassigned to Another Judge in the Dist.* (ECF No. 122) (*Pet'r's Mot.*).

In his recusal motion, Mr. Curley states that he is proceeding under both 28 U.S.C. § 455 and 28 U.S.C. § 144. *Id.* at 1–4. In fact, Mr. Curley argues that because he filed an affidavit under 28 U.S.C. § 144 that accuses me of bias, I am "obligated" to recuse myself. *Id.* at 3.

Mr. Curley's view of § 144 would require every judge faced with an affidavit from a litigant who swears the judge was biased to recuse himself or herself from the case. This is not the way § 144 has been interpreted. Once a § 144 motion has been filed, a judge is required to "pass upon the legal sufficiency" of the affidavit. *United States v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir. 1988). In *United States v. Kelley*, 712 F.2d 884 (1st Cir. 1983), the First Circuit observed that "[w]hen an affidavit of personal bias or prejudice is filed pursuant to § 144, a trial judge is not required immediately to recuse himself. Although the trial judge may not pass upon the truth of the matters asserted, the trial judge must pass upon the legal sufficiency of the affidavit." *Id.* at 889 (citations omitted).

To this end, the First Circuit has written that "[f]acts learned by a judge while acting in his judicial capacity cannot serve as a basis for disqualification on account of personal bias." *Id.* As the United States Supreme Court has written, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *see also United States v. Laureano-Pérez*, 797 F.3d 45, 73–74 (1st Cir. 2015) (citing *Liteky*, 510 U.S. at 555). In other words, judges generally should not recuse themselves if the basis of the request arises from the

2

proceeding itself.

In his affidavit, Mr. Curley simply declares that I am biased and not impartial, but he states no facts (and I am aware of none) that suggest I have any knowledge of him other than what I learned during his criminal case. Mr. Curley has no right to force me off his case simply by declaring, even under oath, that I am so prejudiced against him that I cannot be fair. One of the policies militating against recusal is that judges should guard against attempts by litigants to "manipulat[e] the system for strategic reasons, perhaps to obtain a judge more to their liking." *In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) (Breyer, J.) (citations omitted).

In evaluating Mr. Curley's motion, I am also cognizant that Rule 4(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides that the original motion under § 2255 shall be forwarded "to the judge who conducted the trial and imposed sentence." *See Tracey v. United States*, 739 F.2d 679, 681–82 (1st Cir. 1984).

I continue with the premise that judges have a duty to decide the cases that come before them. The First Circuit Court of Appeals has written that "[t]here is as much obligation for a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Brody v. Pres. & Fellows of Harvard Coll.*, 664 F.2d 10, 12 (1st Cir. 1981) (quoting *In re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir. 1961)). Indeed, the First Circuit noted that "the judicial system could not function if judges could deal but once in their lifetime with a given defendant." *United States v. Cowden*, 545 F.2d 257, 266 (1st Cir. 1976). In *Blizard v. Frechette*, 601 F.2d 1217,

3

1221 (1st Cir. 1979), the First Circuit wrote that "[a] trial judge must hear cases unless some reasonable factual basis to doubt the impartiality or fairness of the tribunal is shown by some kind of probative evidence." *Id.* at 1221.

In his motion, Mr. Curley states that if I do not voluntarily recuse and disqualify myself from his § 2255 petition, he will "appeal to the U.S. Court of Appeals for the First Circuit and ask the Appeals Court to 'ORDER' my matter to be reassigned to another judge." *Pet'r's Mot.* at 4. He asks that his petition be stayed "until the matter of this motion can be fully [adjudicated] by the Appeals Court . . . and if necessary up to the U.S. Supreme Court." *Id.* He assures me that he will do "everything I can, legally, in the courts, to have Judge Woodcock not be the judge to review my '2255' petition . . . I DESERVE a fair and 'impartial' review." *Id.*

I agree with Mr. Curley that he deserves a fair and impartial review, but I disagree with him that I am unable to give him one. If Mr. Curley wishes to appeal this ruling, he is certainly free to do so, and if he wishes to have his petition stayed while the appellate courts resolve his appeal, he should file a motion specifically requesting a stay.

I DENY Patrick M. Curley's Motion to Recuse [and] Disqualify U.S. District Judge, John A. Woodcock, Under 28 U.S.C. § 455 - - - in Consideration of My Habeas Corpus Petition Under 28 U.S.C. § 2255 - - - Due to His 'Impartiality' to Have My '2255' Petition Reassigned to Another Judge in the District (ECF No. 122).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2016