UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PATRICK M. CURLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13-cr-00058-JAW-1 |
| | ) | 1:16-cv-00566-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

### **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Patrick M. Curley moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 119.) Following a guilty plea, Petitioner was convicted of extortion. The Court sentenced Petitioner to 24 months in prison, to be followed by a term of one year of supervised release. The First Circuit affirmed the judgment on appeal. (*United States v. Curley,* No. 15-1150 (1st Cir. Feb. 8, 2016).)

Petitioner claims that his plea was not knowing and voluntary, that the Government committed prosecutorial misconduct, and that his counsel provided ineffective assistance. The Government has moved for summary dismissal.

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

# I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted in March 2013 on a single count of extortion, 18 U.S.C. § 875(d). (Indictment, ECF No. 2.) The indictment alleged that from April to August of 2010, in Maine and elsewhere, Petitioner transmitted communications that alleged sexual harassment and discrimination and that threatened to injure the reputation of the addressee in order to extort money. (*Id.*) Petitioner moved to dismiss the indictment, which motion the Court denied. (Motion to Dismiss, ECF No. 24; Order on Motion to Dismiss, ECF No. 34.)

Following a change of plea hearing in April 2014, the Court accepted Petitioner's guilty plea. (Minute Entry, ECF No. 72; Plea Tr., ECF No. 114.) During the plea colloquy, Petitioner, in response to the Court's questions, told the Court that the facts set forth in the second revised prosecution version were accurate. (Plea Tr. at 14-16; Second Revised Prosecution Version, ECF No. 69.)

The prosecution version states the following: Petitioner applied for a security job at a Maine-based company, and several days after an interview for the position, Petitioner sent an email to the interviewer accusing her and her husband of sexual harassment. (Second Revised Prosecution Version at 1-2.)[1] In the email, Petitioner asserted that he

---

[1] Petitioner alleges that the Government did not disclose the second page of the second revised prosecution version. (Attachments, ECF Nos. 119-4 at 4, 27, 119-5.) At the plea hearing, in response to the Court's questions, Petitioner told the Court that he had reviewed carefully the changes to the prosecution version. (Plea Tr., ECF No. 114 at 16.) The Court explained that it referred to the "second revised" prosecution version as the third version of the document, and Petitioner told the Court he had reviewed and understood the differences among the first, second, and third versions. (*Id.* at 14-15.) The change that resulted in the third version appears on page one, and Petitioner told the Court he acknowledged the change with his initials. (*Id.* at 15.) Given Petitioner's statements at the plea hearing, any alleged failure to provide Petitioner with page two of the third version, if it occurred, was harmless.

would notify the company's president of the conduct and have his attorney initiate legal proceedings. (*Id.* at 1.) Petitioner sent an email the next day claiming sexual harassment and discrimination. (*Id.* at 1-2.) Petitioner knew the allegations were untrue, and he either knew or should have foreseen that they would be perceived as a threat to the reputation of the interviewer. (*Id.* at 2.) Petitioner's intent was "to obtain money or something of value . . . to which he had no valid claim of right." (*Id.* at 2.) In the following months, Petitioner reiterated the claims to the company's general counsel by telephone and email. (*Id.*) In July 2010, Petitioner's attorney drafted and sent a letter to the company's attorney reiterating the claims and making a settlement demand. (*Id.*)

After judgment entered following the plea, Petitioner, proceeding pro se, appealed to the First Circuit. (*Curley*, No. 15-1150 (1st Cir. Aug. 18, 2015).) The First Circuit held that this Court had subject matter jurisdiction; that the indictment was sufficient; that the Court did not err in conducting the plea colloquy; and that the unconditional plea "waived all non-jurisdictional challenges to the resulting conviction, save claims that the plea was not knowing and voluntary." (*Curley*, No. 15-1150 (1st Cir. Feb. 8, 2016).) The First Circuit also concluded that none of Petitioner's other arguments on appeal was jurisdictional or had merit. (*Id.* at 1-2.) The Supreme Court denied Petitioner's petition for a writ of certiorari. (*Curley v. United States*, No. 15-9261 (U.S. June 13, 2016).)

Petitioner asserts that he placed his section 2255 motion in the prison mailing system on November 12, 2016. (Motion at 13.) The motion was filed on November 15, 2016.

(*Id.* at 1.) The Government does not dispute that the motion was timely filed.[2] (Response, ECF No. 147 at 4 n.2.) The Government requests summary dismissal.[3] (*Id.* at 1.)

The Government represents that Petitioner has completed the prison term, and that he will be on supervised release until January 10, 2018. (Response at 5.)

## II. DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

When a petitioner raises a claim "for the first time on habeas, he must show both 'cause' that excuses the procedural default and 'actual prejudice' resulting from the alleged error." *Wilder v. United States*, 806 F.3d 653, 658 (1st Cir. 2015) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Alternatively, a petitioner may demonstrate

---

[2] *See* 28 U.S.C. 2255(f) (providing in pertinent part that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final.")

[3] The Government argues that some of Petitioner's allegations are set forth in attachments that were not signed under penalty of perjury as required under Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. *See* 28 U.S.C. § 1746. The form section 2255 motion Petitioner used provides that a petitioner is to attach additional pages if more than four grounds are asserted, but it does not appear to require that each of the attachments be separately signed under penalty of perjury. (Motion, ECF No. 119 at 4.) This recommended decision assumes, without recommending a decision on the issue, that if the Court did not dismiss the section 2255 motion, the Court would permit Petitioner to file a version that contained the required declaration if necessary.

actual innocence as a basis for habeas relief. *Bousley*, 523 U.S. at 622. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court set forth the federal constitutional standard by which claims of ineffective assistance of counsel are evaluated; *Strickland* requires a petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 688, 694. A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one . . . ." *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

A petitioner must establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). "[A] habeas petitioner is not automatically entitled to a hearing and normally should not receive one if his allegations are 'vague, conclusory, or palpably incredible.'" *David,* 134 F.3d at 478 (quoting *Machibroda v. United States,* 368 U.S. 487, 495 (1962)). The First Circuit has held that a Petitioner who "fails to reasonably substantiate his ineffective assistance of counsel claim with any material issues of fact . . . has not 'overcome the presumption of regularity which the record . . . imports . . . .'" *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) (quoting

5

*Walker v. Johnston*, 312 U.S. 275, 286 (1941)). "[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (quotation marks omitted). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

### B. Claims and Analysis

#### 1. Subject matter jurisdiction and related claim of ineffective assistance

Petitioner argues the Court lacked jurisdiction and that counsel's performance was substandard because counsel did not raise the jurisdictional issue. (Attachment, ECF No. 119-4 at 17.) In Petitioner's direct appeal, the First Circuit determined the Court had jurisdiction. (*Curley*, No. 15-1150 (1st Cir. Feb. 8, 2016).) Petitioner is therefore precluded from collateral review of the issue. *See Singleton*, 26 F.3d at 240. Because the underlying jurisdiction argument fails, the related ineffective assistance claim also fails. *See Tse*, 290 F.3d at 465.

#### 2. Claim that the plea was not knowing and voluntary and related claim of ineffective assistance

Petitioner alleges that his plea was not knowing and voluntary because counsel and the Court misinformed him of the elements of the crime before he pled guilty, because the Court failed to ask him about the conduct that led to the charge, and because his actions

6

were not criminal.[4] (Motion at 4; Attachments, ECF Nos. 119-1 at 4, 119-2 at 2-4, 119-4 at 2-4.) Petitioner also contends counsel erroneously advised him that if he pled guilty, his sentence would not exceed six months. (*Id.* at 5; Attachment, ECF No. 119-13 at 2.)

"The purpose of a plea colloquy is to protect the defendant from an unintelligent or involuntary plea." *Mitchell v. United States*, 526 U.S. 314, 322 (1999). The First Circuit considered the adequacy of Petitioner's plea colloquy, and found no error. (*Curley*, No. 15-1150 (1st Cir. Feb. 8, 2016).) The Court, on collateral review, may not revisit issues decided on appeal. *See Singleton*, 26 F.3d at 240. Petitioner's claim that the plea was involuntary based on the conduct of the plea hearing thus fails.

Furthermore, to the extent Petitioner claims that his plea was involuntary because his conduct was not criminal, the First Circuit rejected the argument when it concluded that all non-jurisdictional arguments lacked merit. (*Curley*, No. 15-1150 (1st Cir. Feb. 8, 2016); Petitioner's Brief on Appeal at 14.) Petitioner is precluded from obtaining collateral review of an argument decided on appeal. *See Singleton*, 26 F.3d at 240.

Petitioner also claims ineffective assistance regarding the plea; he alleges that counsel inaccurately assured him, before he pled guilty, that he would not receive a sentence longer than six months if he pled guilty. (Attachment, ECF No. 119-4 at 5-6.) Petitioner maintains that he did not realize his plea was unconditional until the First Circuit

---

[4] Petitioner does not claim factual innocence. *See Bousley v. United States*, 523 U.S. 614, 622-23 (1998). Rather, his claim of an involuntary plea relies in part on the argument that his conduct does not legally fit the definition of the crime. (Attachment, ECF No. 119-1 at 3-4.) Specifically, he argues that extortion to obtain a job is not a crime, because a job is not a "thing of value" under the statute of conviction. (*Id.*)

7

noted the unconditional nature of the plea in its decision on Petitioner's direct appeal. (*Id.* at 6.)

During the plea colloquy, Petitioner told the Court he had read the plea agreement, he understood it, and he signed it voluntarily. (Plea Agreement, ECF No. 70; Plea Tr. at 17-18.) The plea agreement states that the sentencing recommendations were non-binding, that "should the Court reject either or both of their recommendations, Defendant will not thereby be permitted to withdraw his plea of guilty," and that "the Court has the discretion to impose any lawful sentence." (Plea Agreement at 2.) The appeal waiver provisions of the plea agreement provide that Petitioner waived the right to appeal from a sentence of imprisonment that does not exceed six months, but the agreement also states: "The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed." (*Id.* at 3.)

In the plea colloquy, Petitioner acknowledged that he understood the Court would have "the discretion to impose any lawful sentence," including a more severe sentence than recommended by the parties, and that Petitioner would not have the right to withdraw the plea at that point. (Plea Tr. at 19.) The Court asked Petitioner: "Aside from the written plea agreement, has anyone made any promises to you in an effort to get you to plead guilty?" (*Id.* at 23.) Petitioner answered: "No, Your Honor." (*Id.*)

Petitioner's representations at the plea hearing are presumed truthful: "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . ." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner's section 2255

8

allegations are inconsistent with the plea agreement and with Petitioner's statements to the Court in the plea colloquy. Because Petitioner's allegations are otherwise unsupported, he has failed to meet his burden to overcome the presumption of verity that attaches to the statements. *See Blackledge*, 431 U.S. at 74. The claim of ineffective assistance regarding the plea therefore fails.

> **3. Claim of prosecutorial misconduct and related claim of ineffective assistance**

Petitioner alleges that an FBI agent provided perjured testimony to the grand jury. (Motion at 5.) Petitioner did not raise the issue on appeal; he argues that the Court should excuse the procedural default because the claim is based on new evidence consisting of the following grand jury testimony of the FBI agent:

> Q. Did any of the e-mails specifically say if you don't pay me this money, I will file suit or I will go to the media?
>
> A. Yes.
>
> Q. Were they actually that specific or were they more indirect?
>
> A. At one point in time they became that specific.

(Attachment, No. 119-3 at 12, 14.) Petitioner contends that because the demand for money came from his attorney, rather than from Petitioner's own email communications, the FBI's testimony was false and amounted to prosecutorial misconduct. (Attachment, ECF No. 119-1 at 3, 5.)

Given that the communication from Petitioner's counsel was sent by email,[5] Petitioner's argument is suspect. Even assuming, however, for the purpose of this discussion, that Petitioner could prove the testimony was not accurate, he is not entitled to relief. Unless the alleged prosecutorial misconduct results in an involuntary plea, a claim of prosecutorial misconduct is nonjurisdictional, and is waived when a petitioner pleads guilty. *See Any v. United States*, 47 F.3d 1156 (1st Cir. 1995) (per curiam) (unpublished) ("Since appellant has made no persuasive argument that actions by the prosecution rendered his guilty plea involuntary, his claims based on prosecutorial misconduct are foreclosed."); *United States v. Mount*, 896 F.2d 612, 624 (1st Cir. 1990) ("Witness perjury in establishing probable cause becomes harmless after the rendition of a guilty verdict unless prosecutorial misconduct is so 'serious and blatant' as to 'distort[] the integrity of the judicial process.'") (quoting *United States v. Bucci*, 839 F.2d 825, 831 (1st Cir. 1988)).

Petitioner has not demonstrated that his plea should be deemed involuntary based on the FBI agent's testimony before the grand jury, or that the agent's grand jury testimony otherwise distorted the integrity of the judicial process. *See Any*, 47 F.3d 1156; *Mount*, 896 F.2d at 624. During the plea colloquy, by admitting the second revised prosecution version was true to his personal knowledge, Petitioner admitted (1) that he threatened to have his attorney file an action for a "full remedy" based on Petitioner's false claims; (2) that he intended "to obtain money or something of value . . . to which he had no valid claim of right;" and (3) that he communicated that he was considering talking about the

---

[5] Counsel's letter notes that it was sent "Via Email Only." (Attachment, ECF No. 119-10.)

issue with the media. (Second Revised Prosecution Version at 1-2; Plea Tr. at 13-16.)[6]

Petitioner thus admitted that he was seeking something of value when he threatened to publicize his allegations. The agent's grand jury testimony, therefore, does not and cannot support Petitioner's contention that the agent's testimony rendered the plea involuntary.

In further support of his prosecutorial misconduct claim, Petitioner alleges that the Government removed one FBI agent from the case, and replaced him with another FBI agent who testified before the grand jury. (Attachment, ECF No. 119-4 at 11.) Petitioner asserts that the removal and replacement was at the request of a former United States Attorney who represented the victim. (*Id.*) Petitioner's contention fails because the claim is waived, s*ee Any*, 47 F.3d 1156, and because, even if Petitioner could prove the allegation, he has not demonstrated any harm, *see Mount*, 896 F.2d at 624. Petitioner's claim of ineffective assistance of counsel, to the extent it relies on the underlying claim of prosecutorial misconduct, also fails.[7] *See Tse*, 290 F.3d at 465.

---

[6] That the attorney communicated Petitioner's demand does not exculpate Petitioner. Title 18 U.S.C. § 2 states:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

*See United States v. Kelner*, 534 F.2d 1020, 1022-22 (2d Cir. 1976) ("It is a general principle of causation in criminal law that an individual (with the necessary intent) may be held liable if he is a cause in fact of the criminal violation, even though the result which the law condemns is achieved through the actions of innocent intermediaries.").

[7] Petitioner's allegation regarding the removal and replacement of FBI agents is included in a claim of ineffective assistance of counsel for failure to investigate. (Attachment, ECF No. 119-4 at 11.)

### 4. Claim of conflict of interest

Petitioner alleges that counsel's advocacy was compromised because of counsel's interest in career advancement. (Attachments, ECF Nos. 119-1 at 4, 119-4 at 11.) Petitioner alleges that counsel "was handpicked" by the prosecutor because of the prosecutor's prior affiliation with counsel's law firm. (*Id.* at 6-7, 11.)

"Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981). Because Petitioner does not allege that counsel simultaneously represented multiple codefendants, Petitioner must demonstrate an "actual conflict of interest," i.e., "that (1) the lawyer could have pursued a plausible alternative defense strategy or tactic and (2) the alternative strategy or tactic was inherently in conflict with or not undertaken due to the attorney's other interests or loyalties." *United States v. Ponzo*, 853 F.3d 558, 575 (1st Cir. 2017) (quotation marks omitted).

First, the Court appointed Petitioner's counsel, consistent with the applicable statute, 18 U.S.C. § 3006A(b). (Minute Entry, ECF No. 10.) The prosecutor had no role in the appointment of Petitioner's counsel. In addition, Petitioner has failed to demonstrate counsel had an actual conflict of interest, in that Petitioner has not shown that there existed a plausible alternate defense strategy or tactic that was inherently in conflict with counsel's other alleged interests or loyalties. *See id.* The claim is not only unsupported factually on the record, but it is illogical to suggest that an attorney's professional interests would be advanced by anything other than competent representation of a client. In short, Petitioner's

contention that counsel had a conflict of interest that materially influenced counsel's representation of Petitioner lacks any support on the record.

### 5. Claim of ineffective assistance for failure to challenge venue

Petitioner argues that counsel's performance was deficient because counsel failed to argue that venue in the District of Maine was improper. (Attachment, ECF No. 119-4 at 19-20.) Petitioner raised the venue issue on appeal, and the First Circuit concluded that the argument lacked merit. (*Curley*, No. 15-1150 (1st Cir. Feb. 8, 2016); Petitioner's Brief on Appeal at 10, 51-52.) Petitioner is therefore precluded from collateral review. *See Singleton*, 26 F.3d at 240. Because the venue argument lacks merit, Petitioner's related ineffective assistance claim also fails. *See Tse*, 290 F.3d at 465.

### 6. Claim of ineffective assistance for failure to investigate

Petitioner alleges that counsel failed to investigate the case adequately. (Attachment, ECF No. 119-4 at 12.) Petitioner contends that if counsel had interviewed the president of the company, the company's attorney, and the human resources manager, he would have discovered that the human resources manager did not feel threatened, and that the company's attorney recognized that Petitioner intended to handle the matter through an appropriate legal process. (*Id.*)

First, on appeal, the First Circuit rejected Petitioner's argument that because he intended only to file a civil or administrative lawsuit, he committed no crime. (*Curley*, No. 15-1150 (1st Cir. Feb. 8, 2016); Petitioner's Brief on Appeal at 13-14.) To the extent, therefore, that Petitioner contends that there would be no factual basis for a conviction if

13

he could establish, through the company's attorney or any other means, that his threat was to proceed with legal proceedings, Petitioner's claim fails.

In addition, the intent to extort and the communication of a threat are elements of the crime, but the subjective reaction or perception of the recipient of the threat is not an element of the crime. *See United States v. Fulmer*, 108 F.3d 1486, 1490-91 (1st Cir. 1997) ("We believe that the appropriate standard under which a defendant may be convicted for making a threat is whether he should have reasonably foreseen that the statement he uttered would be taken as a threat by those to whom it is made."); *United States v. Whiffen*, 121 F.3d 18, 21 (1st Cir. 1997) (applying the standard set forth in *Fulmer* to the intent requirement under 18 U.S.C. § 875). Accordingly, counsel's alleged failure to investigate the recipient's reaction does not constitute substandard performance, nor was Petitioner prejudiced.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. I recommend, therefore, the Court deny Petitioner's motion for an evidentiary hearing. (ECF No. 120.) In addition, I recommend the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

# NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of May, 2017.